IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DEANGELO BEASLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:24-cv-02085-TLP-cgc |
| v. | ) |
| | ) JURY DEMAND |
| UNITED WHOLESALE MORTGAGE, LLC, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

In her Report and Recommendation ("R&R"), Magistrate Judge Charmiane G. Claxton ("Judge Claxton") recommended that this Court dismiss Plaintiff's case for failure to prosecute under Federal Rule of Civil Procedure 41(b). For the reasons below, this Court **ADOPTS** the R&R.

**BACKGROUND AND THE R&R**

In February 2024, Pro Se Plaintiff DeAngelo Beasley sued several Defendants. (ECF Nos. 1.) Under Administrative Order No. 2013-05, the Court referred the case to Magistrate Judge Claxton for management of all pretrial matters. On January 4, 2024, Defendant United Wholesale Mortgage, LLC ("United") moved to dismiss the claims against it. (ECF No. 9.) In its motion to dismiss, United argues that the Court lacks subject matter jurisdiction over the claims and Plaintiff failed to state a claim. (*Id.*) United further contends the Court should dismiss the case for insufficient process and insufficient service. (*Id.*) Under LR 12.1(b), Plaintiff had twenty-eight days to respond. To date, Plaintiff has never responded.

Judge Claxton issued a Show Cause Order on July 8, 2024 ("First Show Cause Order") givoing Plaintiff fourteen days to show cause as to why the case should not be dismissed. (ECF No. 10.) Judge Claxton advised Plaintiff that failure to respond would result in a recommendation to this Court that the case be dismissed without prejudice. (*Id.*) Even though Plaintiff failed to respond, Judge Claxton entered a second show cause order ("Second Show Cause Order") on August 26, 2024. (ECF No. 13.) The Second Show Cause Order explained that if Plaintiff failed to respond to the show cause order, Judge Claxton would recommend that the case be dismissed. (*Id.*)

On the same day that Judge Claxton issued the Second Show Cause Order, Judge Claxton entered this R&R. (ECF No. 12.) Her R&R recommends dismissal of this case with prejudice. (*Id.* at PageID 99.) Plaintiff did not object to the R&R. The Court now turns to the legal standard and then reviews the R&R.

## **LEGAL STANDARD**

A magistrate judge may submit to a district court judge proposed findings of fact and recommendations for deciding pretrial matters, including the involuntary dismissal of an action. 28 U.S.C. § 636(b)(1)(A)–(B). And "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1).

If the parties do not object, then a district court reviews a R&R for clear error. Fed. R. Civ. P. 72(b) advisory committee notes. And the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Judge Claxton entered her R&R on August 26, 2024, and neither party

2

objected. And the time to do so has now passed. The Court therefore reviews the R&R for clear error.

## DISPOSITION

Having reviewed the record, the Court finds no clear error in Judge Claxton's R&R. Rule 41(b) provides for involuntary dismissal of a complaint where the plaintiff has failed to prosecute or comply with a court order. And the Supreme Court has recognized a district court's inherent power to dismiss a case for failure to prosecute. *Marchand v. Smith & Nephew*, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)). Rule 41(b) "allows district courts to manage their dockets and avoid unnecessary burdens on both courts and opposing parties." *Shavers v. Bergh*, 516 F. App'x 568, 569 (6th Cir. 2013) (citing *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

To determine whether dismissal under Rule 41(b) is appropriate, courts consider four factors, none of which are dispositive: 1) if the party acted willfully or in bad faith; (2) if the adverse party will be prejudiced; 3) if the party was warned that failure to respond could lead to dismissal; and 4) if less drastic sanctions were considered. *See Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008)). All in all, dismissal under Rule 41(b) is appropriate when a party exhibits a "clear record of delay," stubborn disregard for the rules of court and "is inexcusably unprepared to prosecute the case." *Shavers*, 516 F. App'x at 570.

Judge Claxton applied these factors and recommended that the Court dismiss Plaintiff's case under Rule 41(b) *with prejudice*. For the first factor, "[w]illfulness, bad faith, or fault is demonstrated when a plaintiff's conduct evidences either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings." *Shavers*, 516 F. App'x at 570 (quoting *Schafer*, 529 F.3d at 737). Plaintiff here has shown a lack of respect for this Court's rules by failing to respond to Defendant's motion, and by failing to respond to the

3

show cause orders. Plaintiff's failure to prosecute has thus caused multiple delays and disruptions to this Court, to Defendant, and to Defendant's counsel. So the first factor favors dismissal. S*ee Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)) (holding that bad faith exists when a party delays or disrupts the litigation process).

For the second factor, "[a] defendant is prejudiced by the plaintiff's conduct where the defendant waste[s] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Wright v. City of Germantown, Tenn.*, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (quoting *Shavers*, 516 F. App'x at 570)). As already described, Plaintiff's conduct has prejudiced Defendant. Plaintiff's failure to respond has resulted a show cause order and delayed the litigation process. *See Lacey v. Wells Fargo, N.A.*, 2014 WL 7338878, at *3 (W.D. Tenn. Dec. 22, 2014) (explaining how the defendants suffered prejudice during the show cause process).

The third factor— notice—focuses on whether dismissal is a fair result. *Schafer*, 529 F.3d at 737 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). This factor supports dismissal here. In the First Show Cause Order, Judge Claxton warned Plaintiff that failure to respond may result in dismissal without prejudice. (ECF No. 10.) And the Second Show Cause Order warned that if Plaintiff did not respond, the magistrate judge would recommend that the case be dismissed for failure to prosecute. (*Id.* at PageID 28.) So the Court adequately warned Plaintiff.

Finally, the fourth factor does not require a court to implement a lesser sanction before dismissing a case. *Shavers*, 516 F. App'x at 571 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). In fact, if a party ignores court orders and still fails to prosecute his case then dismissal is appropriate. *See Lee v. GlaxoSmithKline, LLC*, 2014 WL 691192, at

*2 (W.D. Tenn. Feb. 21, 2014) (finding dismissal under Rule 41(b) appropriate when a plaintiff failed to comply with several Court orders, including a show cause order). So Judge Claxton recommended dismissal, rather than a lesser sanction, because the factors favor dismissal. And given Plaintiff's continued disregard for this case, this Court finds that any other sanction would be inadequate.

Simply put, Plaintiff's conduct here shows no intention of prosecuting this case and it would be futile to give a lesser sanction. In fact, Plaintiff has provided the Court with no proof of service. Nor did Plaintiff respond to the motion to dismiss or the First Show Cause Order. Likewise, Plaintiff did not respond to the Second Show Cause Order, despite its warning that the case may be dismissed. And while the Court recognizes that Judge Claxton may have erred when she entered the Second Show Cause Order and the R&R recommending dismissal on the same day, four months have passed since then. And Plaintiff has still failed to surface and respond to the Second Show Cause Order or object to the R&R in any way. Instead, Plaintiff has shown a continued disregard for this case.

## CONCLUSION

The Court has reviewed Judge Claxton's R&R and finds no clear error. And so, the Court **ADOPTS** the R&R, **DISMISSES** this case **WITH PREJUDICE**,[1] and **DENIES** the pending motion to dismiss as **MOOT**.

---

[1] While only Defendant United moved to dismiss this action and the R&R only concerns Defendant United, this Court finds that Plaintiff has failed to prosecute this matter with respect to all Defendants. In fact, Plaintiff has provided no proof of service for any Defendant. And Plaintiff's failure to respond to the show cause orders shows a disregard for this entire case. So the Court **DISMISSES** this case in its entirety. *Hatcher v. Ford*, No. 117CV01041JDBEGB, 2018 WL 2976437, at *1 (W.D. Tenn. June 12, 2018) (explaining that a district court can sua sponte dismiss a case for failure to prosecute).

**SO ORDERED**, this 31st day of December, 2024.

                                              s/Thomas L. Parker
                                              THOMAS L. PARKER
                                              UNITED STATES DISTRICT JUDGE